UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BENNIE COOKSEY, JR.,

    Plaintiff,

v.                                                                   3:03-cv-625

SHERIFF DAVID HAGGARD and
CHIEF JAILER FAYE HALL,

    Defendants.

## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. There is presently pending before the court the defendants' motion to dismiss and plaintiff's response thereto. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and the defendants' motion to dismiss will be **GRANTED** to that extent. The remainder of the defendants' motion to dismiss will be **DENIED** as **MOOT**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002); *Hartsfield v. Vidor*, 199 F.3d 305,

308-309 (6th Cir. 1999); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.*

In addition, the Sixth Circuit has held that, if a prisoner exhausted his administrative remedies after he filed his complaint, the federal lawsuit must be dismissed:

> While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed. The plain language of the statute makes exhaustion a precondition to filing an action in federal court ("No action shall be brought ... until such administrative remedies as are available are exhausted."). The prisoner,

> therefore, may not exhaust administrative remedies during the pendency of the
> federal suit.

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citations omitted).

Plaintiff brought this action during his confinement in the Roane County Jail; he has since been transferred to the Anderson County Detention Center. In his original complaint, plaintiff set forth numerous conditions of his confinement that allegedly violated his constitutional rights, including but not limited to overcrowding, poor lighting and ventilation, poor sanitation facilities, inadequate and contaminated food, lack of access to medical staff and legal materials, and no regular exercise. In an amendment to the complaint, plaintiff complained of the plumbing at the jail, alleged that the jail was infested with rodents and insects, and alleged that he had been denied medical treatment. The defendants are Roane County Sheriff David Haggard and Chief Jailer Faye Hall.

In his original complaint, plaintiff stated: "No grievance of the Roane County Jail could award the relief sought in this Complaint, and when a Complaint is filed there are no responses." [Court File No. 3, Complaint, p. 2]. He also alleged, as an unconstitutional condition of his confinement, that: "The Roane Co. Jail doesn't have a grievance procedure in place, and complaints aren't answered." [*Id*. at 5 (numbered by plaintiff as page 3 under the heading First Cause of Action, ¶ 14)].

In his amended complaint, plaintiff states that he "has filed medical request [sic], one right after another to see the doctor but the defendants have denied plaintiff's request [sic] to see the doctor." [Court File No. 4, Amended Complaint, p. 1]. He further states: "That

after such denial to see the doctor that the plaintiff has filed grievance after grievance, and the defendants will not respond." [*Id*.].

Clearly, then, plaintiff has sought relief through grievance proceedings. Plaintiff has not, however, provided the court with copies of the grievances he claims to have filed or the medical requests he claims to have written. In addition, plaintiff has not stated with particularity the contents of the grievances and medical requests. Moreover, plaintiff does not claim to have filed a grievance with respect to each alleged unconstitutional condition of confinement. *See Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005) ( the exhaustion requirement of the PLRA "requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims").

Under the circumstances, the court finds that plaintiff's complaint should **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e for failure to exhaust administrative remedies. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE